# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY M. BOVA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 4:18-CV-7 JCH |
| | ) |
| DEBBIE ECHELE, et al., | ) |
| | ) |
|     Defendants. | ) |

## **MEMORANDUM AND ORDER**

      Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. For the reasons stated below, the Court will grant the motion, and allow plaintiff to proceed without payment of an initial partial filing fee. In addition, for the reasons discussed below, the Court will dismiss this case, without prejudice.

## **28 U.S.C. § 1915(b)(1)**

      Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.* However, according to § 1915(b)(4), this Court shall

not prohibit a prisoner "from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

Plaintiff has not submitted an inmate account statement. He states he was unable to obtain his account statement because the "Trust Fund Supervisor refused to provide me with a copy of it." The Court will therefore permit plaintiff to proceed without payment of an initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(4). *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.")

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action under § 1983, the Rehabilitation Act, and Missouri state law against St. Charles County and the following staff at the St. Charles County Jail: Debbie Echele (Medical Director); Jessica Richard (Nurse); Chrissy [Unknown] (Nurse); Theresa Martin (Nurse); [Unknown] Post (Sergeant); Scott Lewis (Sergeant); and [Unknown] Baker (Sergeant). Plaintiff is an eighteen-year-old pretrial detainee at the St. Charles County Jail, and suffers from chronic asthma. He has been prescribed Advair, a fast-acting daily inhaler, since he was eight years old.

Plaintiff states that he has been incarcerated in St. Charles County Jail since September or October 2017. During his initial medical screening, plaintiff informed the jail staff that he had chronic asthma and that he needed Advair to relieve his symptoms. He states that an unnamed nurse told him that as a state inmate he would not be treated with Advair because it was cost prohibitive. He was treated with a generic inhaler, described by plaintiff as an "emergency asthma inhaler." Plaintiff alleges this generic inhaler does not alleviate his symptoms.

Plaintiff states that he informed medical staff that when he does not take Advair for an extended period of time, he has suicidal thoughts. The nurses told plaintiff to notify medical staff if he began to have suicidal thoughts and he would be immediately placed in A-Block, *i.e.*, the suicide wing of the jail.

At some point during his incarceration, plaintiff began having breathing problems, sharp pains in his chest, cold sweats, and fevers. He tried to take a nap, but this did not alleviate his symptoms. "All of a sudden, plaintiff began having thoughts of killing himself, after the pain in

3

his chest became too great, and his breathing problems exacerbated. Plaintiff told an on-duty officer, and sent a medical request stating that he wanted to kill himself." Plaintiff was taken to A-Pod, where he was eventually seen by a psychiatrist. Plaintiff explained that he needed Advair, but the psychiatrist said he "could do nothing about the Advair." The psychiatrist gave plaintiff medication to help him calm down and sleep. After being treated in A-Pod for two weeks, plaintiff was placed back in M-Pod.

Plaintiff submitted grievances regarding the failure of medical staff to prescribe Advair. Defendants Debbie Echele, Jessica Richard, Chrissy [Unknown], Theresa Martin, Sergeant Post, and Sergeant Baker responded to plaintiff's grievances, stating that he would remain on the generic inhaler. Plaintiff has also filed grievances stating that M-Pod is not allowed to have recreation time, which is affecting plaintiff's mental well-being.

## Discussion

Plaintiff, as a pretrial detainee, has the right to be free of cruel and unusual punishment. Although "the Eighth Amendment has no application" until there has been a "formal adjudication of guilt," the Fourteenth Amendment gives state pretrial detainees rights that are at least as great as the Eighth Amendment protections available to a convicted prisoner. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need, and (2) defendant knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).

To establish deliberate indifference, an inmate must show more than negligence or even gross negligence. *Id.* at 933-34. Further, mere disagreement with treatment decisions does not rise to the level of a constitutional violation. *See Rowe v. Norris*, 198 Fed. App'x. 579, 581 (8th

4

Cir. 2006) (finding no Eighth Amendment violation because inmate disagreed with physician's choice of medication). The Eighth Amendment allows medical care providers to exercise their independent medical judgment. *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). "Prisoners do not have a constitutional right to any particular type of treatment. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Id.* (internal citation omitted).

Here, plaintiff was screened for his medical history and problems when he entered the St. Charles County Jail. He told the nurses of his history of chronic asthma, and he was treated with a generic emergency inhaler. When he began having chest pains, shortness of breath, and consequently, thoughts of suicide, he was treated by a psychiatrist in the suicide wing. He was given medication, presumably for anxiety, that helped him calm down and rest. Plaintiff stayed in A-Pod and was not returned to the regular population for two weeks.

Plaintiff has not alleged that the medical staff at the St. Charles County Jail has refused to treat his chronic asthma. Plaintiff has not alleged that the medical staff has refused to treat his suicidal ideation. Based on the allegations in the complaint, if plaintiff suffers shortness of breath and suicidal thoughts in the future, he will alert medical staff and he will be treated as in the past.

Plaintiff disagrees, however, with defendants' treatment of his chronic asthma. He requested to be treated with Advair, as opposed to the generic emergency inhaler the medical defendants have prescribed. He states that the generic inhaler does not prevent his symptoms, and he has been treated for suicidal thoughts. Although the Court is sympathetic to plaintiff's situation, the Court finds that defendants' treatment of plaintiff's asthma does not rise to the level of an Eighth Amendment violation. Plaintiff has failed to show that prison officials were

5

deliberately indifferent to his medical needs. Rather, plaintiff disagrees with defendants' judgment regarding his condition, and defendants' refusal to implement plaintiff's requested course of treatment. For this reason, the Court will dismiss plaintiff's allegations of Eighth Amendment violations arising from defendants' care and treatment of plaintiff's asthma.

Additionally, plaintiff's allegations regarding his lack of recreation time are too conclusory to state a cause of action. "Civil rights pleadings should be construed liberally. At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The entirety plaintiff's claim regarding recreation is that M-Pod is not allowed recreation time and the "lack of fresh air, movement, has caused plaintiff's mental well-being to somewhat deteriorate, and plaintiff's muscles to weaken." Plaintiff has failed to make a direct allegation against any named defendants. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff has not alleged sufficient facts to state a § 1983 claim regarding his lack of recreation time, nor has he identified any defendants responsible for this alleged deprivation. As a result, the complaint fails to state a claim upon which relief can be granted with respect to defendants.

Plaintiff's "*Monell*" Claims Against St. Charles County

The complaint also fails to state an actionable *Monell* claim. Under *Monell*, "[s]ection 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from . . . an 'official municipal policy.'" *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th

Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Absent a constitutional violation by a county employee, however, there can be no § 1983 or *Monell* liability for St. Charles County. *See Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) ("Because we conclude that Officer Hinman did not violate Malone's constitutional rights, there can be no § 1983 or *Monell* liability on the part of [the police chief or the city]."). Because the Court has found no constitutional violation by any county employee, the Court will dismiss plaintiff's "*Monell*" claim against defendant St. Charles County.

The Rehabilitation Act

Plaintiff alleges that by denying him access to Advair, defendants Debbie Echele, Theresa Martin, Chrissy [Unknown], and Jessica Richard have discriminated against him in violation of the Rehabilitation Act. To prevail on a claim under the Rehabilitation Act, a plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity which receives federal funds; and (3) he was discriminated against based on his disability." *Wojeski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2009). Plaintiff has not met this standard, as he has alleged no discriminatory conduct by defendants. For example, if it was the "policy" of the St. Charles County Jail to prescribe only generic medication instead of its name-brand equivalent, as plaintiff has alleged, all inmates are being treated similarly, and plaintiff has not been discriminated against because of his chronic asthma. Plaintiff's allegations are insufficient to state a plausible claim under the Rehabilitation Act, and the claim will be dismissed.

State Law Claims

Finally, plaintiff alleges state law claims of medical negligence, and intentional infliction of emotional distress. Because only state law claims remain in this matter, the Court will decline to exercise supplemental jurisdiction and will dismiss the case. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 3]

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 1st day of May, 2018.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE